Filed 12/8/25  P. v. Casas CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>PEDRO CASAS,<br><br>      Defendant and Appellant. | H053204<br>(Monterey County<br> Super. Ct. No. SS161489A) |

Defendant Pedro Casas seeks to appeal the trial court's election not to respond to his request to recall his sentence under Penal Code section 1172.1.  We conclude the court's decision is not appealable and we will therefore dismiss the appeal.

## I.  BACKGROUND

Defendant was charged in 2016 with attempted murder and shooting at an occupied vehicle.  He was alleged to have personally used a firearm and committed the offenses for the benefit of a criminal street gang.  According to the record, the charges stemmed from an incident in which defendant and another man approached a parked car with a gun and fired shots after one of them scuffled with the driver.  Defendant pleaded no contest to assault with a firearm, admitted gang and firearm allegations, and was sentenced to 15 years in prison.

Currently serving his sentence, defendant has sought resentencing based on changes in the law.  As relevant to this appeal, in January 2025 he asked that his sentence be recalled under Penal Code section 1172.1.  (Unspecified statutory references are to the

Penal Code.) In connection with that request, he stated that he did not pose an unreasonable risk of danger to public safety and that post-conviction factors reflected "a de-escalation in criminality." He also identified various changes to sentencing laws that he asserted would apply if he were to be resentenced. Referencing section 1172.1, subdivision (c), the trial court stated that it "decline[d] to respond" to defendant's recall request. Defendant filed a notice of appeal reflecting a challenge to that action.

This court ordered defendant to show cause why the appeal should not be dismissed as taken from a nonappealable order. In response to the order to show cause, appointed counsel asserted in a letter brief that the trial court's response to defendant's recall request is appealable as a post-judgment order affecting defendant's substantial rights. After the order to show cause was deferred for consideration with the appeal, appointed counsel filed an opening brief summarizing the case but raising no issues.

Consistent with *People v. Delgadillo* (2022) 14 Cal.5th 216, we notified defendant of his right to submit written argument on his own behalf. Defendant responded by filing a three-page handwritten supplemental brief again asserting that changes in the law since his sentence was imposed warrant sentencing relief.

## II.    DISCUSSION

"When a defendant, upon conviction for a felony offense, has been committed to the custody of the Secretary of the Department of Corrections and Rehabilitation … , the court may, on its own motion, within 120 days of the date of commitment or at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law … recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced[.]" (§ 1172.1, subd. (a)(1).) Recall and resentencing "may be initiated by the original sentencing judge, a judge designated by the presiding judge, or any judge with jurisdiction in the case." (*Ibid.*) "A defendant is not entitled to file a

2

petition seeking relief from the court" and, if a defendant does so, "the court is not required to respond." (§ 1172.1, subd. (c).)

"The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute." (*People v. Loper* (2015) 60 Cal.4th 1155, 1159 (*Loper*).) Under section 1237, subdivision (b), a defendant may appeal from "any order made after judgment, affecting the substantial rights of the party." Because defendants have no right to petition for relief under section 1172.1, or to a response from the trial court, appellate courts have consistently held that a trial court's failure to respond to a defendant's request is generally not appealable. (*People v. Hodge* (2024) 107 Cal.App.5th 985, 991; *People v. Faustinos* (2025) 109 Cal.App.5th 687, 692; *People v. Roy* (2025) 110 Cal.App.5th 991, 994; *People v. Brinson* (2025) 112 Cal.App.5th 1040, 1047.)

Defendant does not suggest his case is distinguishable, such that the trial court's choice not to respond to his request somehow implicated his substantial rights in a manner not contemplated by other courts that have considered the issue. Instead, without directly addressing the cases contradicting his position that the court's action is appealable, he implicitly urges us to conclude those cases were wrongly decided. He relies primarily on *Loper*, in which the California Supreme Court held that "a defendant may appeal an adverse decision on a postjudgment motion or petition if it affects his substantial rights, even if someone else brought the original motion." (*Loper*, *supra*, 60 Cal.4th at p. 1165.) *Loper* concerned section 1170, former subdivision (e), which *required* trial courts to consider recalling a defendant's sentence to grant compassionate release, if recall was recommended by the Secretary of the Department of Corrections and Rehabilitation. (Stats. 2014, ch. 26, § 17, subd. (e)(3).) That statutory scheme also set forth "clear eligibility criteria" for relief in section 1170, former subdivision (e)(2), "suggesting that discretion is not unfettered when evidence is presented satisfying the statutory criteria." (*Loper*, at p. 1161, fn. 3; see Stats. 2014, ch. 26, § 17, subd. (e)(2).)

3

Section 1172.1, unlike the statute at issue in *Loper*, does not establish eligibility criteria affecting the scope of trial courts' discretion. Section 1172.1 also expressly states that if a defendant requests recall of his or her sentence under that section, the court is not obligated to respond. (§ 1172.1, subd. (c).) We will follow the relevant published authority and conclude that a court's election not to respond is not appealable, at least under the circumstances presented here. Because the appeal must be dismissed as taken from a nonappealable order, we do not reach defendant's remaining arguments concerning resentencing and amendments to section 1385.

## III.    DISPOSITION

The appeal is dismissed.

4

_____
Grover, Acting P. J.

**WE CONCUR:**


_____
Lie, J.



_____
Wilson, J.



H053204
*The People v. Casas*